*John Smith, for appellants.*

---

MARY E. SKILLMAN *v.* W. A. ATCHISON ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—314.]

**Jurisdiction Over Party to Suit.**

Where a brother appears for his sister, who is a nonresident party to a suit to establish a claim against real estate, in which such sister has an undivided interest, and the brother has no authority to appear, the court has no jurisdiction or power to enter a personal judgment against her.

**Judicial Sale of Real Estate a Nullity When Procured by Fraud.**

When a nonresident, who is the owner of an undivided interest in real estate, is sued with the other owners to subject the real estate to sale to pay a debt, judgment is taken against all the owners, and a brother of the nonresident, who is also the owner of an interest in the real estate, appears for the nonresident without authority to do so, and judgment is entered against all the defendants, but the brother causes the interest of the nonresident alone to be sold to pay the judgment, and buys such interest at the sale, he will secure no title thereto, and the nonresident is entitled to recover such land, together with the rents thereof. Her interest is liable only for a pro rata part of such debt.

APPEAL FROM WARREN CIRCUIT COURT.

March 12, 1881.

OPINION BY JUDGE HARGIS:

Stapleton Burch died in Warren county, the owner of several hundred acres of land, which was subsequently partitioned between his widow and children. One of his sons, H. C. Burch, left for a distant state before his father's death and was not heard of for a

great while. At the time of his departure he was indebted to the appellee, Atchison, evidenced by two promissory notes with his father as surety. Atchison instituted suit on the note against the widow and children, alleging, in substance, that H. C. Burch had not been heard of for more than seven years and that he was dead; that the defendants had received his share, and more of the estate of his father, who was his surety, than would be necessary to pay the demand.

The appellant, Mary E. Burch (now Skillman), was a resident of Tennessee, and was constructively summoned to answer the petition. The other defendants were actually summoned. She gave her brother, Julian, a power of attorney to sell her interest in the lands laid off to her. He and another brother, W. H. Burch, took upon themselves the management of the defense to Atchison's suit, and caused a joint answer to be filed for all of the defendants, including the appellant. There is no sufficient proof that she gave them any authority to cause an answer to be filed for her, but the facts tend to show that they might have mistakenly exercised that authority. ·

The suit progressed to the hearing, and a personal judgment was rendered against all the defendants who had received equal portions, and more than enough of their deceased father's estate to pay the plaintiff's notes; but the share of the nonresident sister alone was sold to pay the whole of the judgment. Thereby the whole burden was thrown upon her, when she should have borne an equal part only in the payment of Atchison's demand. At the sale 85 acres of the 102 allotted to her in the partition were sold, and W. H. Burch, who had figured in the management of the defense and the committal of his absent sister as a party to the suit and judgment by entering her appearance, bought it for the amount of the judgment, as he contends, for his mother, who executed bond with him as surety. He afterwards paid the bond himself, and was in possession of the land when the appellant appeared in Warren county and demanded possession of it. This being refused, she instituted suit against Atchison, and the defendants to the action brought by him, seeking to vacate the judgment in his favor as fraudulent, and to recover the 85 acres of land from W. H. Burch.

She alleges that no authority was given to her brothers to enter her appearance, and insists that she has the right, under Buckner & Bullitt's Civ. Code (1876), § 414, to have the judgment set aside because of the want of authority on their part to enter her appear-

ance, and by reason of her nonresidency. This question need not be decided, as her right can be established and full remedy afforded her without disturbing that judgment.

She alleges that the appellee, W. H. Burch, is illegally in possession of her land, and has been since the date of the purchase by the mother, and seeks judgment against him for it and the rents thereof during the time of his unlawful possession. The facts authorized the conclusion that the appellee, W. H. Burch, fraudulently permitted a decree to be enforced against the lands of his absent sister, and became the purchaser through his mother to shield his purpose and sanctify his conduct, while he became the real owner of his sister's birthright. It is within the power of the chancellor to prevent the consummation of such wrong, and the appellant's petition presents a good cause of action against appellee, W. H. Burch, for the possession of the land.

He can not rely upon the title of his mother to protect him, because it is based upon a judgment which is fraudulent against the appellant, so far as each of the appellees, except Atchison, is concerned. The appellant is entitled to the possession of the 85 acres of land and the rent thereof from the time appellees, Lucinda Burch and W. H. Burch, took possession of it. The evidence shows that the rent is reasonably worth $100 per year, and appellant should have been adjudged rent at that rate.

The appellant should bear her equal portion with the other children of the amount of Atchison's demand, which has been paid by Lucinda or W. H. Burch, and they should be credited with that amount upon the rent; and if the rent should be insufficient to pay her part of the amount paid Atchison, then she should be required to pay the remainder, and in default thereof so much of the 85 acres as may be necessary for that purpose should be sold. But in no event should Lucinda Burch or W. H. Burch be allowed to retain the possession of the appellant's land if any delay should occur in adjusting these matters.

Wherefore the judgment is *reversed* against the appellees, except Atchison, as to whom it is *affirmed,* and the cause is remanded with directions to enter a judgment and for further proceedings consistent with this opinion.

*H. J. Beauchamp, for appellant.*

*Halsell & Mitchell, Rodes & Settle, Covington & Porter, for appellees.*